## Case No. 12,113.

### In re RUEHLE.

[2 N. B. R. 577 (Quarto. 175); [1] 2 Am. Law T. Rep. Bankr. 59; 16 Pittsb. Leg. J. (O. S.) 5; 1 Chi. Leg. News, 186.]

District Court, E. D. Missouri. Feb. 27, 1869.

BANKRUPTCY—SECURED CREDITOR—SURRENDER—RIGHT TO PROVE DEBT.

1. A creditor secured by a deed of trust caused the property to be sold. and bought in a portion thereof, the residue being sold to third parties, and applied to prove his debt in bankruptcy. *Held*. that he should so prove it, and he would be allowed the same to an amount, less the value of the property so sold to third parties, to be paid from the proceeds of the sale of the trust property. Any surplus from said sale would form part of the general assets. For any deficiency the secured creditor would become a general creditor to that extent, entitled to share in the general assets.

[Cited in Re Frizelle. Case No. 5.133; Re Jaycox, Cases Nos. 7.240 and 7.242; Phelps v. Sellick, Case No. 11,079; Re Hufnagel, Id. 6,837.]

·2. Semble, a secured creditor is not compelled to surrender his securities before proving his demand, but when proved. if he fails to surrender the same. he will not be entitled to share in the general assets.

[Cited in Re Bloss, Case No. 1,562; Re Stansell. Id. 13,293.]

In bankruptcy.

---

[1] [Reprinted from 2 N. B. R. 577 (Quarto, 175). by permission.]

TREAT, District Judge. The register has certified, under section six of the bankruptcy act, for the opinion of this court, a statement of the demand of Andrew Giboney, a creditor of the bankrupt, against the estate of said bankrupt, which demand was presented to said register, with proofs thereof for allowance. It is not clearly presented in the certificate what the point to be decided really is, yet inferentially, from the accompanying papers, it appears that said Giboney held a deed of trust on certain real and personal property to secure the payment, principal and interest, of a note executed by the bankrupt for three thousand dollars; that subsequent to the filing by said bankrupt of his petition in bankruptcy, said Giboney caused the real and personal ·property conveyed in trust as aforesaid, to be sold; that he became the purchaser of all the real estate and a part of the personal property; that no deed has been executed to him by the trustee; that the residue of the personal property was sold to third parties, &c. Mr. Giboney, it seems, appeared before the register as a secured creditor to prove his demand. That was his duty, if he wished to· avail himself of his rights as such creditor. His proofs should be received and the amount due to him as such secured creditor ascertained. As a part of the personal property has been sold at his instance, the value thereof should be deducted from his demand and the balance allowed, not against the general estate of the bankrupt, but as the basis of an order for a sale by the trustee and assignee of the property, subject to said deed of trust. The proceeds of such sale, when made, will necessarily be applied by this court to the· payment of the secured debt, and, if there be a surplus, said surplus will, in the hands of the assignee, be part of the general assets for distribution among the general creditors. If there is a deficiency the secured creditor will be, for that deficiency, a general creditor, to· share pro rata in the distribution of the general assets.

A secured creditor should always prove his demand, and if he wishes to retain his lien. procure the proper order of the court to enforce the same. If the enforcement thereof satisfies his demand, that debt will be discharged; but if it does not, then the balance· remains as a general demand against the estate, like all other unsecured demands. It does not appear that Mr. Giboney acted under the deed of trust, with any view of defrauding the bankrupt's estate, and this court holds that he is entitled and ought to prove his demand. In ascertaining what is due him on his secured demand, the principal and interest of the secured note should be allowed, and then there should be deducted therefrom the value of the personal property sold to third parties. The balance will be the sum due as a secured debt against the residue of the personal property and the real property mentioned in the· deed of trust. The trustee and assignee should then procure an order of this court to sell the

same. After that sale is made, this court will, when confirming the sale, make such orders as to the proceeds thereof as the law requires. A secured creditor is not compelled to surrender his securities before proving his demand; but if he does not do so, his demand, when proved, is not to be classed with those entitled to a dividend out of the general assets. Until the securities are exhausted it cannot be known whether he is a general creditor entitled to share in such a dividend.

The opinion of this court is, that Mr. Giboney should have his proofs heard, and his demand disposed of in accordance with the views herein expressed.